UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

APRIL 22 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| EARL BATES, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09 0735 |
| DUNN LAMPTON *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff has filed an application to proceed *in forma pauperis* and a *pro se* complaint. The application will be granted and the complaint dismissed.

Plaintiff is a prisoner confined in a Mississippi state prison Leakesville, Mississippi, serving a life sentence without possibility of parole imposed by the Pike County Circuit Court, Mississippi, upon conviction for murder. He has filed a damages action for alleged violations of his constitutional rights, seeking more than $10 million against six defendants. In the alternative, the plaintiff seeks relief in the form of a reduced sentence for a lesser included offense. The complaints names as defendants the state judge who presided over his trial and imposed sentence, the clerk of court where he was tried, two prosecutors involved in his criminal trial, his defense counsel, and the Mississippi Commission on Judicial Performance. The complaint alleges several errors the plaintiff denominates as constitutional violations that occurred during and after trial, including denial of a two-phase hearing, a procedurally faulty indictment, denial of proper jury instructions, alteration of records, leading argument during trial, violation of his right

against self-incrimination, ineffective assistance of counsel, denial of a copy of his direct appeal, denial of leave to proceed with a writ of habeas corpus, and errors in sentencing. Compl. at 2-3, ¶¶ (d)(1) - (12). In sum, the plaintiff asserts that his conviction and sentence are unlawful and in violation of his constitutional rights.

To the extent that this action is one for damages stemming from violations of the plaintiff's federal civil rights, it is barred by the rule of *Heck v. Humphrey,* 512 U.S. 477 (1994). In that case, the Supreme Court held that

> in order to recover damages from allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff [seeking damages for violations of his federal civil rights] must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. To determine whether the *Heck* bar applies, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Here, the wrongs that plaintiff alleges, if proved, would render his conviction and sentence invalid. The plaintiff has not demonstrated that his conviction or sentence has already been invalidated. Therefore, under the rule in *Heck v. Humphrey,* the claims presented in this complaint for damages stemming from violations of plaintiff's civil rights must be dismissed.

To the extent that the plaintiff seeks to reduce the duration of his sentence, this matter may be construed as one for *habeas* review brought under 28 U.S.C. § 2254. A person in custody under sentence imposed by a state court Federal court may seek *habeas* review in federal

court only after the exhaustion of available state remedies, *see* 28 U.S.C. § 2254(b)(1), and only "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application," 28 U.S.C. § 2241(d). Thus, assuming that the prisoner has exhausted his state remedies, his federal recourse lies in the United States District Court for the Southern District of Mississippi, not in this court.

Because the relief sought in this action is either barred by *Heck v. Humphrey* or improperly addressed to this court instead of the United States District Court for the Southern District of Mississippi, the complaint will be dismissed without prejudice. A separate final order accompanies this memorandum opinion.

Date: April 14, 2009

United States District Judge